**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-380-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **LOUIS ROBLES,**

    Defendant.

---

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant Louis Robles's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion"). (ECF No. 60.) For the following reasons, the Motion is denied.

### I. BACKGROUND

On November 13, 2015, Robles pleaded guilty to possession of a firearm in the furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(C)(1)(A). (ECF No. 48.) On April 15, 2016, the Court sentenced Robles to 180 months' imprisonment, of which he has served approximately 76 months. (ECF No. 58.) He is currently incarcerated at FCI Englewood.

Robles filed his Motion on November 19, 2020, seeking compassionate release based on an outbreak of COVID-19 at FCI Englewood. (ECF No. 60.) He posits that he is at increased risk of death or severe illness due to his underlying health conditions, which include type I diabetes, sleep apnea, obesity, and arthritis. (*Id.* at 2–3.) Robles

further contends that his age (53) is also a risk factor. (*Id.* at 12.) The Government filed its response opposing the Motion on December 9, 2020. (ECF No. 63.) Robles filed a reply on January 19, 2021. (ECF No. 68.)

## II. ANALYSIS

**A.   Compassionate Release Framework**

Robles invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction;
> > >
> > > * * *
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

### B.     Exhaustion of Administrative Remedies

Before filing a motion for compassionate release, a defendant must exhaust administrative remedies by making a request for compassionate release to the BOP, and either appealing a denial of the request or showing that 30 days elapsed since submission of the request.  18 U.S.C. § 3582(c)(1)(A).  The Government argues that Robles did not offer proof that his written request for release to the BOP was a motion for compassionate release sufficient to exhaust administrative remedies.  (ECF No. 63 at 5.)

Robles states that he submitted a written request to the warden of FCI Englewood on August 8, 2020.  (ECF No. 60 at 3.)  He attaches the denial of his request and his appeal of the denial to his reply.  (ECF No. 68-1 at 2–5.)  The Government offers no argument or evidence that Robles's written request was not sufficient.  As such, the Court is satisfied that Robles has exhausted administrative remedies.

### C.     Extraordinary and Compelling Circumstances

To release Robles from confinement immediately, the Court would need to re-sentence him to time served (*i.e.*, 76 months instead of 180 months).  To merit such relief, Robles must first demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(i).  One Sentencing Commission policy statement that appears potentially relevant here is the following:

> [E]xtraordinary and compelling reasons exist [if] * * * [t]he defendant is—
>     (I) suffering from a serious physical or medical condition,

>> (II) suffering from a serious functional or cognitive
>> impairment, or
>> (III) experiencing deteriorating physical or mental health
>> because of the aging process,
> that substantially diminishes the ability of the defendant to
> provide self-care within the environment of a correctional
> facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii).  The same policy statement also contains a safety valve for unexpected circumstances specific to the inmate: "[E]xtraordinary and compelling reasons exist [if] * * * [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [explicitly set forth]."  *Id.* cmt. 1(D).

Robles argues that he contracted a severe case of COVID-19 and was hospitalized for a week.  (ECF No. 68 at 3–4.)  He still experiences shortness of breath and struggles to perform daily activities.  (*Id.* at 4.)  Further, the CDC guidelines state that individuals with medical conditions such as diabetes and obesity are at high risk of developing severe illness from COVID-19.  *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 12, 2021) (listing medical conditions that carry increased risk of severe illness from COVID-19).  Robles fears reinfection if he remains incarcerated.  (ECF No. 68 at 4.)

Given Robles's medical conditions that place him at increased risk of severe illness, the Court assumes for the purposes of this Order that extraordinary and compelling circumstances exist.  The Court therefore proceeds to the question of whether the sentencing factors set forth in 18 U.S.C. § 3553(a) favor Robles's release.

4

### D. § 3553(a) Factors

Robles argues that the § 3553(a) factors favor his release because he has had exemplary behavior during his incarceration, has earned his General Education Development degree, and has maintained close relationships with his family. (ECF No. 68 at 5–6.) He contends that he has been rehabilitated, and that any risk of his recidivism can be prevented through the conditions of his supervised release. (*Id.* at 5–6.)

While Robles's progress during his incarceration is encouraging, he committed a serious offense which involved trafficking deadly weapons. (ECF No. 52 at 4–6.) As reflected in the Presentence Investigation Report, Robles has a lengthy criminal history, spanning from when he was a minor to the instant offense. (*Id.* at 7–16.) His current underlying offense is no less than his eighth felony. (*Id.* at 7–16.) Moreover, Robles has served significantly less than half of his 180-month sentence. The extent of Robles's criminal history and the severity of his crimes, coupled with how little of his sentence he has actually served, weigh heavily against his release.

The Court finds that a sentence of time served (76 months) would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); and "the kinds of sentence and the sentencing range established for [Robles's crimes]," § 3553(a)(4). The Motion is therefore denied.

### III. CONCLUSION

For the reasons set forth above, Robles's Motion (ECF No. 60) is DENIED.

5

Dated this 13th day of April, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge